1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| BURNETT THOMAS, | No. C 04-3283 MJJ  (JL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (DOCKET NO. 29)** |
| UNUM LIFE INSURANCE CO, ET AL., | |
| Defendants. | |
| _____/ | |

17

**Introduction**

18        Under the Employee Retirement Income Security Act ("ERISA"), a court will award
19  full and reasonable attorney's fees to a party who obtains excellent results that accomplish
20  the aims of litigation.  In the case at bar, Plaintiff obtained an excellent result and achieved
21  in part the aims of litigation.  Applying the *Hummell* analysis, the facts of the case support
22  awarding attorney's fees.  To determine the amount of fees awarded, the court determines
23  the 'lodestar' figure by multiplying the number of hours reasonably spent on litigation by a
24  reasonable hourly rate.  Plaintiff's attorneys' hours and hourly rates are generally
25  reasonable, except for excessive hours spent drafting the complaint and summons.
26  Plaintiff is also entitled to recover costs as mandated by 28 U.S.C. § 1920**.**

27
28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**Factual Background**

2       Plaintiff Burnett Thomas began working for United Insurance Company of America in

3   August, 1998.  Ms. Thomas sold insurance and collected premiums door to door.  During

4   her employment she developed plantar fascitis, a painful condition, in both feet.  Ms.

5   Thomas also developed osteoporosis of the spine causing hip and back pain which

6   prevented her from sitting for prolonged periods of time.

7       Ms. Thomas had purchased disability insurance coverage underwritten by Unum Life

8   Insurance Company of America.  The coverage obliged Unum during the first 24 months of

9   the insured's disability to pay monthly benefits if the insured was limited from performing

10  the substantial and material duties of her regular occupation.  After the 24 month period,

11  the policy required that the insured be, "unable to perform the duties of any gainful

12  occupation for which you are reasonably fitted by education, training or experience."  Ms.

13  Thomas filed her claim for benefits in August of 2000.  Unum claimed Ms. Thomas could

14  physically perform sedentary work.  After a functional capacity evaluation following 24

15  months of disability benefits, Unum terminated her benefits on May 30, 2003.  Ms. Thomas

16  appealed the termination of her benefits, but Unum denied her appeal.  Ms. Thomas then

17  retained counsel to pursue her claim against Unum.

18

**Procedural Background**

19      Plaintiff filed a complaint in Superior Court of the State of California to recover

20  disability benefits under a policy issued by Defendant on July 9, 2004.  Defendant removed

21  the case to Federal Court on August 11, 2004.  Judge Jenkins referred the matter to

22  Alternative Dispute Resolution on December 21, 2004.  The parties reached a settlement

23  on April 5, 2005 following a private mediation with the Hon. Edward Infante (Ret.), prior to

24  filing summary judgment motions.  The amount of the settlement is confidential and was

25  submitted under seal for this Court's consideration.  The agreement provides that the

26  district court has jurisdiction to hear any requests for attorney's fees and costs arising from

27  the litigation.  Plaintiff filed this Motion for Award of Attorneys' Fees and Costs on August

28

1   23, 2005. It was referred to this Court pursuant to 28 U.S.C. §636(b) and Civil Local Rule

2   72.

3                              **Legal Argument & Analysis**

4   Attorney's Fees in ERISA Litigation

5          Generally, each party in a lawsuit shall bear its own costs for attorney's fees, absent

6   express statutory authorization to the contrary.  *Hensley v. Eckerhart*, 461 U.S. 424, 429

7   (1983).  Under ERISA, 29 U.S.C. § 1132(g), the court in its discretion may grant a

8   prevailing plaintiff attorney's fees and costs.  A reasonable attorney's fee is, "one that is

9   adequate to attract competent counsel, but [that does] not produce windfalls to attorneys."

10  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  Often, statutory provisions grant attorney's

11  fees to the prevailing party awarded relief by the court.  However, settlement provisions

12  may allow a "successful" party to petition the court for attorney's fees.  *Smith v. CMTA-IAM*

13  *Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).  Parties are entitled to attorney's fees, "if

14  they succeed on any significant issue in litigation which achieves some of the benefit the

15  parties sought in bringing suit."  *Mogck v. Unum Life Insurance Co. of Am.*, 289 F.Supp.2d

16  1181, 1188 (S.D.Cal. 2003).

17  Prevailing Party

18         Generally, courts define a prevailing party as one awarded some relief by the courts.

19  *Buckhannon Board & Care Home, Inc. v. W. Virginia Dept. of Health and Human*

20  *Resources,* 532 U.S. 598, 603 (2001).  The court in *Buckhannon* ruled that for a party to

21  receive attorney's fees for success on a claim under the Fair Housing Act ("FHA") and the

22  Americans with Disabilities Act ("ADA"), direct relief by the court is required.  "Enforceable

23  judgments on the merits and court-ordered consent decrees create the 'material alteration

24  of the legal relationship of the parties' necessary to permit an award of attorney's fees."  *Id.*

25  at 604.

26         *Buckhannon* also applies to attorney's fees under other federal statutes. Congress,

27  in enacting ERISA, 29 U.S.C. § 1132(g), did not enact the prevailing party standard, which

28

United States District Court

For the Northern District of California

1   creates a more liberal protection for participants in employee benefit plans. *Smith*, 746

2   F.2d at 589.

3       In this case, Plaintiff received a settlement from Defendant as a result of court

4   instructions that the parties engage in Alternative Dispute Resolution ("ADR"). This

5   settlement must be viewed as a realization by Plaintiff of some of the goals of the litigation.

6   Thus Plaintiff has standing as a prevailing party for the court to determine whether an

7   award of attorney's fees is appropriate.

8       The settlement agreement includes a provision for attorney's fees. Defendant

9   argues that under the terms of the settlement California law controls, which precludes

10  attorney's fees. Defendant cites law relevant only to settlements arising from contractual

11  disputes. Here, the case arose from a federal statute. The settlement expressly confers

12  exclusive jurisdiction on the United States District Court for any litigation involving the

13  settlement agreement. The federal court therefore retains jurisdiction and the authority to

14  apply federal law to a petition for attorney's fees. *See Kokkonen v. Guardian Life Ins. Co.*

15  *of Am.*, 511 U.S. 375 (1994). The settlement functions as a binding contract because of

16  the power of the court to enforce the agreement and the legal relationships that it creates.

17  *Buckhannon*, 532 U.S. at 604. Ultimately, this settlement acts as a material alteration of

18  the legal relationship between the parties sufficient to render Plaintiff a prevailing party.

19  Appropriateness of Attorney's Fees

20      The court in *Hummell v. S.E. Rykoff & Co.* listed the following factors to guide the

21  court in exercising its discretion under 29 U.S.C. § 1132(g): (1) the degree of the opposing

22  parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of

23  fees; (3) whether an award of fees against the opposing parties would deter others from

24  acting under similar circumstances; (4) whether the parties requesting fees sought to

25  benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal

26  question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v.*

27  *S.E. Rykoff & Co.,* 634 F.2d 446, 454 (9th Cir. 1980). Although the court is bound to follow

28  the *Hummell* analysis, all factors need not be given equal weight, nor even be considered

**United States District Court**
For the Northern District of California

1    in every case.  *Williams v. UNUM Life Ins. Co. of Am.*, 1996 WL No. 162972, (N.D.Cal.

2    1996).

3    Hummell Analysis

4         As to part one of the test, Plaintiff argues that Defendant denied Plaintiff's claim in

5    bad faith, because the policy did not require objective medical evidence to uphold a claim

6    of disability.  No ruling of the court supports Plaintiff's argument that Defendant acted in

7    bad faith.  Part one of the test does not favor an award of attorney's fees.

8         As to part two, Defendant concedes that it has the resources to pay an award for

9    attorney's fees.  However, Defendant argues that this factor should not be considered

10   alone.  Part two falls weakly in Plaintiff's favor.

11        As to part three, this case does not act as a deterrent to others.  The matter was

12   settled out of court with no assignment of liability to Defendant.  This factor does not weigh

13   either for or against the awarding of fees.

14        As to part four, by virtue of the settlement Plaintiff is the only party to benefit from

15   her claim.  Plaintiff argues that she also filed a breach of fiduciary duty claim against the

16   fund, and that she attempted to resolve an important issue yet to be determined in ERISA

17   cases, the availability of "make-whole" relief.  Defendant argues that both of these claims

18   lacked merit.  The claim for breach of fiduciary duty was allowed after a motion to dismiss,

19   while the claim for "make-whole" relief was dismissed because of the lack of Ninth Circuit

20   authority on the issue.  The fourth part marginal supports Plaintiff.

21        Finally, part five weighs in favor of Plaintiff.  Plaintiff argues that the settlement

22   reflects the strength of her position.  Defendant argues that the court dismissed many of

23   Plaintiff's impermissible state law claims and that the court assigned no liability to

24   Defendant.  This court find that part five supports Plaintiff because she recovered a portion

25   of what she sought in the litigation.

26        After examining all the factors, the court finds there is a basis to award reasonable

27   attorney's fees to Plaintiff.

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Amount of Attorney's Fees

The court must first consider whether "the results obtained were excellent and constituted the total accomplishment of the aims of the suit." *Swann v. Charlotte-Mecklenburg Board of Education*, 66 F.R.D. 483, 484 (W.D.N.C. 1975). The court may limit the award for hours that were not reasonably expended. *Hensley*, 461 U.S. at 434. For example, an attorney may not receive fees for unsuccessful claims completely unrelated to the successful claims. *Hensley*, 461 U.S. at 435. Otherwise, when determining fees under ERISA, "the court must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *D'Emanuele v. Montgomery Ward & Co.* 904 F.2d 1379, 1383 (9th Cir. 1990); (overruled on other grounds by *Burlington v. Dague*, 505 U.S. 557 (1992)). Fees may be enhanced based upon an adjustment factor or multiplier. *Id.* For example in "a risky contingent fee arrangement constitutes an exceptional circumstance requiring enhancement." *Id.* at 1384. The court must consider the records, detailing hours and rates, and any rejection of the requested amounts should be fully explained. *Id.*

In this case, Plaintiff succeeded in the general purpose of the litigation and obtained an "excellent" result. Counsel obtained a significant portion of the damages requested in Plaintiff's mediation brief. The remaining question is whether the total hours expended and hourly rate for Plaintiff's attorneys are reasonable based upon the preceding factors.

Hours Billed

Plaintiff presents affidavits and billing records to substantiate 173.43 hours for this case. Plaintiff argues that her attorneys' skills in ERISA matters helped the parties to achieve unusual efficiency in this case. Defendant responds that much of the time was spent researching and litigating issues a true ERISA expert would know to be frivolous.

Defendant claims that Plaintiff spent 57.6 attorney hours and 24.4 paralegal hours defending claims which were unavailable as a matter of law. Plaintiff contends that these claims involve emerging issues of ERISA litigation and therefore were not frivolous.

United States District Court

For the Northern District of California

1    Plaintiff denies filing state law claims and insists all claims were federal under ERISA.  This

2    Court finds that all claims filed in the original complaint fall under ERISA statutes.

3    Defendant further argues that Plaintiff spent 31.3 attorney hours and 11.8 paralegal hours

4    pointlessly opposing Defendant's motions to dismiss.  However, because Plaintiff's claim

5    for breach of fiduciary duty was allowed to proceed, the hours spent opposing the motion to

6    dismiss were not frivolous, nor in bad faith.  The Court notes that claims of breach of

7    fiduciary duty are common in ERISA litigation.

8           Defendant also contends that 19.6 administrative hours which Plaintiff billed  should

9    not be reimbursed as attorney's fees, because administrative tasks handled by paralegals

10   should not be billed at an attorney's hourly rate.  Generally, the cost of support staff

11   employed by counsel performing administrative tasks is subsumed within counsel's hourly

12   rate as overhead.  *Roberts v. Interstate Distributor Co.*, 242 F.Supp.2d 850, 860 (D.Or.

13   2002).  Hours spent by a paralegal performing administrative tasks should be deducted

14   from the hours claimed by Plaintiff.  On the other hand, Plaintiff should receive

15   compensation for work by paralegals that would normally be performed by an attorney.

16   Failure to compensate hours claimed and documented for legal assistants and associate

17   attorneys is an abuse of discretion absent some explanation.  *D'Emanuele*, 904 F.2d at

18   1387. In fact, such an allocation reduces Plaintiff's and ultimately Defendant's costs.

19          The Court examined the time sheets submitted by Plaintiff's attorneys.  They show

20   that Plaintiff's paralegals updated intake forms, conducted research, updated the calendar,

21   drafted correspondence with Plaintiff and reviewed court dockets and files.  (Decl.

22   Coleman, Exh. A, p 1-10.)  The court finds that these tasks are normally performed by an

23   attorney in the absence of a paralegal and are therefore compensable as attorney's fees.

24          Defendant argues that the court should reduce attorney hours spent in mediation

25   with Judicial Arbitration and Mediation Services ("JAMS"), even though it was mandated by

26   the court as part of the litigation.  The court has discretion to award the JAMS fee to the

27   prevailing party as costs.  This expense appears to be a necessary and unavoidable cost

28

of litigation that directly relates to the settlement and resolution of this case.

United States District Court
For the Northern District of California

1    Defendant argues that Plaintiff spent 31 hours preparing for mediation which it

2    argues is excessive for a process it refers to as "straightforward".  ERISA matters tend to

3    be fact intensive and attorneys are expected to spend significant hours preparing for

4    conferences and other proceedings.  *Mogck*, 289 F.Supp.2d at 1192.  Any mediation that

5    facilitates settlement requires both sides to present the merits of their case and full

6    preparation.

7    The court notes the substantial member of hours spent drafting the complaint and

8    issuing summonses to the parties.  The Court finds some of  these hours to be excessive

9    for attorneys who are experts in ERISA matters.  Plaintiff claims that substantial time was

10   spent researching novel issues of law generated by a recent Supreme Court decision.

11   Plaintiff further claims that significant time was also spent researching and deciding

12   whether to sue the plan in addition to pursuing make-whole relief.  In total Plaintiff's

13   attorneys claim at least 22 hours on the complaint and at least 9.8 paralegal hour on the

14   complaint and summons.  This Court recommends that the hours be reduced by half.

15   In summary, Plaintiff requests 173.43 hours in its motion for attorney's fees plus an

16   additional 9.3 hours for the reply brief totaling $56,819.60.  This Court recommends

17   deducting half of the 22 hours for the complaint and half of the 9.8 paralegal hours spent on

18   the complaint and summons for a total off 162.43 and 4.9 hours respectively.

19   Hourly Rate

20   In determining the reasonable hourly rate for ERISA litigation, the court may

21   consider both the relevant community of attorneys in the district, in addition to a national

22   standard for ERISA attorneys.  *Mogck*, 289 F.Supp.2d at 1191-92.  Both sides present

23   affidavits suggesting different rates.  To their own affidavits, Plaintiff's attorneys add

24   affidavits from attorneys Kantor, Feinberg, and Harris.  Mr. Coleman states that half his

25   practice is devoted to ERISA matters and half to other insurance matters.  Mr. Coleman

26   claims his rate is $350 per hour.  Mr. Levinson claims his rate to be $425 per hour.  Plaintiff

27   also sets the hourly rate for Rebecca Grey at $265 per hour.  Plaintiff requests a rate

28

1  of $125 per hour for paralegals.  Defendant attorney's affidavit states ERISA claims

2  litigation should be set at $230 per hour.  Defendant presents no authority for this claim and

3  does not address the rate for Mr. Levinson in its memorandum.

4       Defendant offers little to contradict the claim that Mr. Levinson and Mr. Coleman are

5  ERISA experts.  Neither does Defendant contradict their reputation and experience as

6  described in the affidavits.  Plaintiff objects to the rate suggested by Defendant since

7  ERISA prosecutors may receive higher hourly rates than ERISA defenders representing

8  corporate clients.  Courts recognize that in complex ERISA cases plaintiffs' cases are often

9  undesirable, and therefore plaintiffs' counsel may charge a higher hourly fee.  *Mogck Id.* at

10  1191.  Ultimately, there is insufficient evidence in the record to find Plaintiff's hourly rate

11  unreasonable.  This Court recommends that Plaintiff's claimed rates be used to determine

12  the lodestar amount.

13  Plaintiff's Costs

14       A plaintiff may only recover litigation costs under express provisions of a statute of

15  the United States.  A court may award costs in an action under 29 U.S.C. § 1132(g)(1) as

16  allowed by 28 U.S.C. § 1920, and only in amounts allowed by either § 1920 itself, 28

17  U.S.C. § 1821, or similar provisions.  *Agredano v Mutual of Omaha Cos.* 75 F.3d 541 (9th

18  Cir. 1996).  Specifically, under 28 U.S.C. § 1920, a judge or clerk of any court of the United

19  States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the

20  court reporter for all or any part of the stenographic transcript necessarily obtained for use

21  in the case; (3) fees and disbursements for printing and witnesses; (4) fees for

22  exemplification and copies of papers necessarily obtained for use in the case; (5) docket

23  fees under section 1923 of this title; and (6) compensation of court appointed experts.

24  Plaintiff is also entitled as a prevailing party to receive costs for JAMS.  Plaintiff should

25  recover all of the above costs.

26  / / /

27  / / /

28  / / /

**Conclusion**

Plaintiff's settlement makes her a prevailing party entitled to an award of attorney's fees under 29 U.S.C. § 1132(g).  The *Hummell* analysis suggests that an award of attorney's fees is appropriate.  Plaintiff presents a sufficient foundation for the hours billed and the hourly rates claimed.  Defendant argues that Plaintiff pursued frivolous claims that were not recoverable.  The record shows that in fact Plaintiff was successful in pursuing one of these claims, and all of the pleaded claims are permitted under the ERISA statutes. This court recommends that Plaintiff's attorneys be awarded fees at the suggested rates, for the requested hours except for excess hours spent on the complaint and summons. This court also recommends that Plaintiff recover costs incurred during the course of litigation.

Respectfully submitted,

DATED: January 25,  2006

_____
JAMES LARSON
Chief United States Magistrate Judge

United States District Court
For the Northern District of California