FILED
MAR 0 8 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS, | No. C04-03283 MJJ |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA ET AL, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Docket No. 29). On January 25, 2006, Magistrate Judge James Larson issued a Report and Recommendation ("R&R") regarding this motion. On February 8, 2006, Defendants filed Objections to the R&R. (Docket No. 48).

The Court has considered Defendants' objections, and finds as follows:

The Court overrules objections #1 and #2, finding that the Judge Larson's use of the settlement agreement was appropriate as the agreement itself provided for such use to determine fees; the Court also finds that Judge Larson properly used the agreement to determine whether Plaintiff achieved a favorable result. The Court overrules Defendants' objections #3, #4, #5, #6, #7, #8, and #9, finding that Judge Larson appropriately determined that Plaintiff was a prevailing party and that Plaintiff was entitled to fees pursuant to *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 454 (9th Cir 1980). The Court finds that the R&R conducted a proper analysis under *Hummell*.

The Court overrules Defendants' Objections #10, #11, and #12 and finds that Judge Larson's

review of the billing statement, fees and costs was correct. The Court finds that the R&R properly determined the hours requested, the attorney's hourly rate, and determined a reasonable attorney's fee. The Court overrules objection #13, and agrees with Judge Larson's assessment that Mr. Levinson and Mr. Coleman should be deemed ERISA experts in light of the record.

The Court sustains in part Defendants' Objection #14, finding that half of the 22 hours (or 11 hours) should be deducted from the 129.7 attorney hours, resulting in 118.7 attorney hours, and that half of 9.8 paralegal hours (or 4.9 hours) should be deducted from the 53.03 paralegal total, resulting in 48.13 paralegal hours. Defendants, in their objections, mistakenly subtract the entire 22 hours from the attorney total rather than *half* of the 22 hours.

Therefore, the total should be

$56,819.60 (Fees and Costs per original motion and reply)

- $2915.00 (11 hours @ $265/hr)

- $ 612.50  (4.9 hours @ $125/hr)

_____

$53292.10 (total award of fees and costs)

Finally, the Court overrules Defendants' objection #15, finding that a sufficient basis for the hours billed and the hourly rates claimed exists in the record.

The Court has considered the R&R and agrees with Judge Larson's reasoning. Accordingly, the Court **ADOPTS** the R&R in its entirety, except where indicated otherwise in this order.[1]

**IT IS SO ORDERED.**

Dated: March 8, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] This order terminates Docket No. 29 and Docket No. 48.